WILSON, ADMR. OF OWEN, v. WOODRUFF.

1. A. brought detinue against B. for a slave, claimed by B. under a bill of sale from A.'s intestate. In answer to a bill of discovery, filed by A., alleging that B. had not paid any consideration for said slave, B. stated that the consideration money *was paid*, without specifying by whom, or for whom, or whose money it was. Held, to be insufficient and evasive, and that the court erred in overruling the exceptions to said answer.

2. Where a vendor's declarations, after a sale, that he had sold, &c. have been given in evidence by the party wishing to establish title in vendee—the opposite party will not be allowed to give in evidence declarations of vendor contradictory to the first, made at another time, and in the absence of the vendee.

3. This principle declared by the court not to be inconsistent with the opinion in Foster v. Nowlin.

*Wilson*, for appellant.

*Clark*, for appellee:

The appellee makes the following points, and relies upon the following authorities to sustain and affirm the judgment of the circuit court in this case:

1. The answer of the defendant to the bill of discovery was full and sufficient, and the plaintiff's exceptions were therefore rightly overruled—see Digest of Mo., Practice in Chancery, 509.

2. The circuit court was right in refusing leave to file an amended bill at the time and manner the same was presented in this case, it being entirely within the discretion of the court either to allow or reject such applications according to circumstances; and this application was made too late, and if allowed would work surprise to the other party. The case of Cannon v. Price, decided by this court, and reported in the third vol. Mo. Rep. 453, is expressly in point—see also Mo. Digest, 462–3.

3. The instructions were rightly given. This sale from Owen to Woodruff was sought to be set aside, on the ground that it was a fraudulent one. Whether it was fraudulent or not, can make no difference as between the parties and their representatives—see 7 John. Rep. 161, and the cases there cited; 4 Bibb, 65, Title Ca. 212.

Opinion of McGIRK, Judge.

Wilson brought an action of detinue against Woodruff, for a negro woman. The defendant appeared and pleaded *non detinet*, property in himself, &c. Whereon the cause was continued to the next term of the court. At the

next term of the court, and before the trial came on, the plaintiff, in pursuance of the statute, filed a bill of discovery, by which he alleged that the defendant had in reality no title to the slave, but pretended to have a bill of sale, and to have paid $200 for the slave. The bill also alleges that it was well understood and agreed between the intestate and the defendant that the title should not pass, but that the title should still remain in Owen, and Woodruff should have the possession, and should seem to the public to have the title. The bill alleges that not one cent of money was ever paid by Woodruff to Owen for the slave; prays a discovery, &c. The defendant filed his answer, and to this answer the plaintiff excepted, and the court overruled the same.

I cannot discover that the defendant failed to answer any thing as he should have done, except one thing, which is this: the plaintiff alleges the defendant never paid one cent for the slave. The defendant's answer to this is, not that he paid the price of the negro to Owen, with his money, which was the thing sought after, but that the money was paid, without saying for whom, or by whom, or whose money the same was. In this particular, I deem the answer evasive, and I am of opinion the court erred in overruling the exceptions.

The plaintiff then filed an amended bill of discovery, which the court refused to receive. This is also complained of as error. It is argued by Mr. Clark, for the defendant, that this bill came too late. Whether the court erred in refusing this bill I am not satisfied; enough does not appear on the record to stisfy me the court erred.

The plaintiff went to trial. A verdict and judgment were rendered against him. On the trial, it was proved that the slave formerly belonged to Woodruff; that he sold her to one Isaacs, and that Isaacs sold her to Owen. The defendant gave in evidence that after the slave went into possession of Woodruff, and before the death of Owen, Owen declared and said he had sold the slave to the defendant. The plaintiff then offered to prove that, at another time, when Woodruff was not present, Owen said he had not sold the slave to the defendant. This evidence was rejected. The plaintiff complains that in rejecting this evidence the court erred. To prove the circuit court erred, Mr. Wilson cites and relies on the case of Nowlin v. Foster, 1st Semi-annual part Mo. Decisions, 18. As this case has been relied on, and has been cited at bar several times in other cases, I will give some attention to the case. The case has been relied on

SEPT. TERM,
1837.

Wilson, admr. of
Owen,
v.
Woodruff.

nue against B. for a slave, claimed by B. under a bill of sale from A.'s intestate. In answer to a bill of discovery, filed by A., alleging that B. had not paid any consideration for said slave, B. stated that the consideration money was paid, without specifying by whom, or for whom, or whose money it was. Held, to be insufficient and evasive, and that the court erred in overruling the exceptions to said answer.

Where a vendor's declarations, after a sale, that he had sold, &c., have been given in evidence by the party wishing to establish title in vendee—the opposite party will not be allowed to give in evidence declarations of vendor contradictory to the first, made at another time, and in the absence of the vendee.

SEPT. TERM,
1837.

Wilson, admr. of
Owen,
v.
Woodruff.

This principle de-
clared by the
court not to be in-
consistent with
the opinion in
Foster v. Nowlin.

in the argument now before the court, and in several
other cases, to prove that when evidence is given that
the vendor after a sale says he has sold the property,
that if at another time out of the presence of the ven-
dee he declares that he has not sold the same, the lat-
ter declaration may be given in evidence to contradict
the former. I apprehend the case of Foster v. Nowlin
does not settle the law to be so. I take the rule to be
that what a man says against his interest is good evi-
dence against him, and that all he says at the time, by
way of explanation, or even denial, is to be taken with
his admissions together. But that what he says at ano-
ther time, (unless the adversary be present,) affirming his
interest, is no evidence for him. I will examine the case
above cited, and will show that in that case the court did
not contradict this rule. In that case the question was
whether certain property belonged to one Simmons,
against whom judgment had been obtained, or to Foster,
who claimed the same, notwithstanding the possession
had always remained with Simmons. The Fosters, who
claimed the property as theirs, notwithstanding the pos-
session never had been in them, but had always been in
Simmons, proved that Simmons said, while he had the
possession and use of the property, it was not his. The
plaintiff, Nowlin, who asserted that the property was
Simmons', and who was seeking to make it pay Simmons'
debt to him, objected to this evidence, but the court let
the evidence go. If this decision were erroneous, Now-
lin could not then reverse it, nor was it safe for him to
let it pass without rebutting it; and for this purpose he
proved that while Simmons was yet in possession, he de-
clared the property was his. On this point the court said
the after declaration of Simmons, made by him while he
was in possession of the property, was evidence to show
how he viewed the title, or rather to show the nature of the
possession. Now in that case, both parties claimed under
Simmons, and as Foster had given evidence to show how
Simmons esteemed his possession at one time, it was but
right that the other party should show that at another
time he viewed it differently; and this was fair rebutting
evidence in that case. The mistake of counsel, as I ap-
prehend, exists in supposing this court approve of the
admission of Simmons' first declarations. I think it is
not certain but that the court did err, but the evidence
having been let in, it was right to rebut it by after decla-
rations of Simmons. The case of Nowlin v. Foster,
was a case where a person, claiming to be vendee, gave

in evidence the declarations of his supposed vendor, after the sale, in affirmance of the vendee's title. Now this could not be lawfully done, unless indeed, the fact of the vendee's remaining and being in possession when the declarations are made forms a just reason why it should be so.

The question in the case at bar is not like the case of Nowlin v. Foster. I am clearly of opinion there was no error on this point, but for the first error above stated, the judgment is reversed and remanded.